In the United States District Court
for the Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| NEW ARCHERY PRODUCTS CORP. | ) | |
| | ) | |
| Plaintiff and Counter-defendant, | ) | |
| | ) | |
| vs. | ) | No. 11 C 7695 |
| | ) | |
| OUT RAGE LLC, | ) | Judge Lindberg |
| | ) | Magistrate Judge Mason |
| Defendant and Counter-plaintiff. | ) | |

### OUT RAGE LLC'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Defendant Out RAGE LLC ("Out RAGE") submits this opposition to Plaintiff New Archery Products Corporation's ("NAP's") Motion to Strike Out RAGE's Answer, Affirmative Defenses, and Counterclaims.

## I.     INTRODUCTION

On December 20, 2011—more than six weeks after NAP filed its Complaint in this action, and just two weeks before the January 4, 2012 status conference set by this Court— Out RAGE filed its Answer, Affirmative Defenses, and Counterclaims to NAP's Complaint.

NAP contends that a party cannot answer a Complaint until it has been served, and has moved to strike Out RAGE's Answer on this basis. The success of NAP's motion depends on the correctness of the following proposition, which is the foundation for NAP's motion:

Until service is effectuated, jurisdiction over a defendant is lacking, and that defendant may not answer the unserved complaint.

NAP's Motion [Dkt. 16] at 1.

NAP's position is untenable. It defies common sense, it finds no support in the Federal Rules of Procedure, and it is directly contrary to applicable precedent of the Supreme Court and the Seventh Circuit. NAP's motion should be denied.

## II.  ARGUMENT

### A.  A party named as a defendant in a complaint may voluntarily appear and file an answer prior to service of the complaint; by doing so, the defendant submits to the court's jurisdiction.

The Supreme Court made clear, almost a century ago, that the service-of-process requirement exists to protect a named defendant. Defendants are free, however, to voluntarily appear and submit to the court's jurisdiction:

> Removal proceedings are in the nature of process to bring the parties before the United States court. As in other forms of process, the litigant has the right to rely upon the statute, and to insist that, in compliance with its terms, the case shall be taken from the state to the Federal court in the proper district, on motion of the proper person, at the proper time, and on giving the proper bond. **But these provisions are for the benefit of the defendant, and intended to secure his appearance. When that result is accomplished by his voluntary attendance, the court will not, of its own motion, inquire as to the regularity of the issue or service of the process, or, indeed, whether there was any process at all, since it could be waived, in whole or in part, either expressly or by failing seasonably to object.**

*Mackay v. Uinta Development Co.*, 229 U.S. 173, 176 (1913) (emphasis added); *see also* 6 Corpus Juris Secundum, Appearances § 37 ("A general appearance brings defendant into court for all purposes with the same effect as the proper service of process, subjecting him or her to the same liabilities and according him or her the same rights."). While it usually the case that service of the complaint will precede the answer, there is no requirement that service of the complaint occur first. As one district court recently observed:

> It is true that the Federal Rules of Civil Procedure generally contemplate that a defendant will not file his answer until he has been served with the Complaint,

but there is no explicit requirement which prevents a defendant from filing his answer prior to being served with the Complaint.

*Jenkins v. Trinity Health Corp.*, No. 05-CV-71401, 2005 WL 1702835, at *2 (E.D. Mich. July 20, 2005).

NAP nevertheless argues that a court does not have jurisdiction over a named defendant until the defendant is formally served with the complaint. *See* NAP Memo. of Law [Dkt. 17] at 3 ("Until service is effectuated, jurisdiction over a defendant is lacking, and that defendant may not answer the unserved complaint."). The incorrectness of this proposition is so well-established, however, that NAP's motion cannot cite a single case addressing jurisdiction over a defendant that answers prior to service of the complaint. NAP instead resorts to a handful of district court cases outside the Seventh Circuit addressing motions to dismiss that were filed prior to service of the complaint.[1]

NAP also cites to a Fifth Circuit case from 1957 to support its position that a defendant cannot answer an unserved complaint. *See id.* (citing *Royal Lace Paper Works, Inc. v. Pest-Guard Prods., Inc.*, 240 F.2d 814 (5th Cir. 1957)). This case is inapposite. In *Royal Lace Paper Works*, the district court entered judgment for the plaintiff following a preliminary-injunction hearing. 240 F.2d at 816. When the court entered judgment, the defendant had

---

[1]     Even if these cases were relevant to the issue before the court, it is notable that district courts located in the Seventh Circuit have found to the contrary. *See Bernegger v. Washington Mutual, F.A.*, No. 07-CV-1028, 2008 WL 597811, at *2 (E.D. Wis. Mar. 3, 2008) ("[N]othing in the Federal Rules of Civil Procedure requires a defendant to wait until service has been completed to file a motion to dismiss challenging the sufficiency of the complaint.").

only received an order to appear at the hearing; it had not been served with process. *Id.* The Fifth Circuit held, uncontroversially, that the district court did not have jurisdiction over the named defendant and thus could not enter judgment against it: "[I]t is settled law that, without personal service of process in accordance with a statute of the United States or the law of the state in which the suit is filed, the court was without jurisdiction to render a personal judgment against it."

*Royal Lace Paper Works* thus stands for the unremarkable proposition that a court must have jurisdiction over a party to render judgment against it. The case has nothing to do with the issue before the Court—i.e., whether a named defendant can answer a complaint prior to service. Notably, the named defendant in *Royal Lace Paper Works* did not file an answer at any point prior to the district court's entry of judgment, and thus the decision cannot be relevant to whether filing an answer prior to service of the complaint is proper.

To the extent that there is any ambiguity about the import of this 1957 Fifth Circuit case, however, the Fifth Circuit has expressly rejected NAP's interpretation of it. Much more recently, the Fifth Circuit held:

> [Plaintiff] contends that Hyperion never became a party because service of process on the corporation was never effected. However, **service is not a prerequisite to jurisdiction. A party named in the complaint may voluntarily submit to the jurisdiction of the court.** Under Federal Rule of Civil Procedure 12(h)(1) any jurisdictional defect stemming from insufficiency of process or of service of process is waived unless it is raised in the answer or by motion before the filing of a responsive pleading. Hyperion filed an answer to Giannakos's complaint. It did not raise any issues pertaining to personal jurisdiction. Therefore Hyperion was properly before the court.

*Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir. 1985) (emphasis added).

It is clear that a named defendant may voluntarily[2] submit to the court's jurisdiction by entering an appearance and answering the complaint, even if that complaint has not been served.[3] NAP's motion, which depends foundationally on the opposite being true, should thus be denied.

**B.    The "right" to voluntarily dismiss a complaint before it is answered does not operate to prevent a named defendant from filing an answer to the complaint prior to service.**

NAP also supports its motion by pointing to its alleged right to voluntarily dismiss its Complaint at any time before it is served. *See* NAP's Motion [Dkt. 16] at 1 ("[A] premature answer would destroy a plaintiff's right to file a voluntary dismissal under Fed. R. Civ. P.

---

[2]    Notably, a defendant may also submit *involuntarily* to the court's jurisdiction, by failing to properly challenge the form or manner of service of process. NAP's position is thus belied by the myriad cases in the federal reporters holding that lack of jurisdiction based on improper service of process can be waived. *See, e.g., Thomas v. Klinkhamer*, No. 00-CV-2654, 2000 WL 967984, *2 ("According to … Fed.R.Civ .P. 12(h)(1), any contention that service of process was insufficient must be raised in connection with the initial motions filed by defendant with the exception of a motion for extension of time. In this instance, the Board has filed, at a minimum, an answer to the complaint (June 12) and a motion to abstain on Count 10 (June 1), and has made a general appearance before the court (May 16). Nowhere in these documents, or during the appearance in court, did defendant contest service of process or bring a motion to quash service. Therefore, it appears that the Board has waived its right to object to the sufficiency of service of process") (Lindberg, J.). *See also generally* Charles Alan Wright *et al.*, Federal Practice & Procedure § 1353.

[3]    Indeed, this Court's website includes a form letter, to be sent to named defendants, giving them the opportunity to waive service of process in exchange for additional time to file an answer. *See* http://www.ilnd.uscourts.gov/PUBLIC/Forms/ao398.pdf (Notice of Lawsuit and Request for Waiver of Summons). If NAP were correct, the Court would never have jurisdiction over defendants who waive service of process and voluntarily appear.

41(a)(1)(A)(i) and pursue its claims in another forum."). NAP attempts to extend the reach of Rule 41(a) far beyond its scope.

Rule 41(a) states that a plaintiff may voluntarily dismiss an action "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). There is no indication in Rule 41—or anywhere else in the Federal Rules— suggesting a third condition for voluntarily dismissal at any time before service of process. NAP cites no authority to support this untenable position. Nor could it. In *Winterland Concessions*, the Seventh Circuit made clear that the text of Rule 41(a)(1) was to be interpreted literally, discouraging a departure from the clear text of Rule 41(a)(a). *See Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983) ("Rule 41(a)(1) as it was drafted simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not. We are unwilling to upset the balance struck in Rule 41(a)(1) by adding some different test.").

If this were not enough, the Seventh Circuit has expressly held that the plaintiff's "right" to voluntarily dismiss is tempered by a defendant's right to answer the complaint prior to service and prevent such a voluntary dismissal:

> If a defendant desires to prevent a plaintiff from voluntary dismissal under Rule 41(a)(1)(i), it may do so by merely filing an answer or motion for summary judgment. But "so long as the defendant elects to abstain from the decisive joining of issue" by answer or motion for summary judgment, the plaintiff is still entitled to dismissal by notice as a matter of right.

*Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 143 (7th Cir. 1978); *accord Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) ("Defendants who desire to prevent plaintiffs from invoking

their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer."); *Hamilton v. Shearson-Lehman Am. Express, Inc.*, 813 F.2d 1532, 1535 (9th Cir. 1987).

District courts have likewise confirmed that a defendant may file an answer to prevent voluntary dismissal, even if doing so would "frustrate" whatever intentions the plaintiff had to dismiss its complaint:

> Plaintiff has indicated in his brief that he decided to voluntarily dismiss his claim on April 14, 2005, just days after filing his Complaint, and prior to the filing of an answer by Defendant. Plaintiff's planned use of Rule 41(a)(1) was frustrated, however, by Defendant's prompt filing of an answer to the Complaint. **Apparently, Defendant filed his answer in order to prevent Plaintiff from using Rule 41(a)(1) to voluntarily dismiss his Complaint.**
>
> Plaintiff argues that Defendant should not have been allowed to file his answer to the Complaint because Plaintiff had not yet served Plaintiff [sic] with the summons and Complaint. The Court disagrees. It is true that the Federal Rules of Civil Procedure generally contemplate that a defendant will not file his answer until he has been served with the Complaint, but there is no explicit requirement which prevents a defendant from filing his answer prior to being served with the Complaint. The Court finds that Defendant acted properly in filing its answer when it did. Accordingly, Plaintiff may not invoke voluntary dismissal under Rule 41(a)(1).

*Jenkins*, 2005 WL 1702835, at *2 (internal citation omitted).

The Seventh Circuit's decision in *Leatherby* makes clear that Out RAGE need not provide a justification for filing its Answer to NAP's Complaint prior to service. Nevertheless, it bears noting that Out RAGE waited more than six weeks after NAP had filed this action before filing its Answer, and Out RAGE had an important reason to do so: the Court had set a status conference on January 4, 2012. With just two weeks until the

status conference, Out RAGE filed its Answer and Counterclaims to alert the Court and NAP of the claims that Out RAGE believes should be litigated in this Court.[4]

Rule 41(a) provides a right to voluntarily dismissal that may be exercised on two (and only two) conditions: the dismissal must occur before the defendant's filing of an answer or motion for summary judgment. There is no support in the rule or case law for NAP's position that it also enjoys an absolute right to voluntarily dismiss its Complaint before service of process. If the drafters of the Federal Rules had desired to extend the right in this manner, they would have done so.

### C. The "right" to amend a complaint does not operate to prevent a named defendant from filing an answer to the complaint prior to service.

NAP makes a similar argument that the right to amend its Complaint prevents Out RAGE from answering prior to its service. See NAP's Motion [Dkt. 16] at 1 ("Such a procedural maneuver would eviscerate a plaintiff's right under Fed. R. Civ. P. 15(a)(1)(A) to amend."). NAP has not cited any authority for this proposition. The reason is clear: because there is no such right, at least to the extent that it would prevent Out RAGE from filing an Answer.

NAP's position is also based on a misunderstanding of Rule 15. Rule 15(a)(1) provides NAP with two options for amending its Complaint "as a matter of course": (A)

---

[4]     NAP, an Illinois-based company, has attempted to raise counterclaims in the Western District of Wisconsin alleging that Out RAGE has committed various intellectual-property torts, including false advertising and unfair competition under Illinois state law based on acts specifically alleged to have occurred in Illinois. Out RAGE has moved to dismiss those counterclaims or transfer them to this Court.

within 21 days of service; or (B) within 21 days of service of Out RAGE's Answer. Out

RAGE served its Answer on December 20, 2011. Therefore, under the latter provision,

NAP has 21 days from December 20, 2011 to amend its Complaint. NAP's position that

Out RAGE has somehow "eviscerate[d]" its right to amend its Complaint is thus false.

## III. CONCLUSION

For the reasons discussed above, NAP's Motion to Strike should be denied.


Respectfully submitted, this 10th day of January, 2012.


R. Jason Fowler
Richard L. Rainey
R. Jason Fowler
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202.662.6000 – Voice
202.662.6291 – Facsimile
rrainey@cov.com
jfowler@cov.com

Paul F. Stack
Paul F. Stack
Elizabeth L. Barbour
STACK & O'CONNOR CHARTERED
140 South Dearborn Street
Chicago, IL 60603-5232
312-782-0690
312-782-0936 facsimile

**ATTORNEYS FOR DEFENDANT
OUT RAGE LLC**