Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7695 | **DATE** | 2/6/2012 |
| **CASE TITLE** | New Archery Products Corp. v. Out RAGE, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for voluntary dismissal, or, in the alternative, to dismiss and/or transfer defendant's counterclaims [25] is granted in part. This case is transferred to the Western District of Wisconsin pursuant to 28 U.S.C. § 1404(a). Accordingly, the Western District of Wisconsin will rule on all other pending motions. This case having been transferred, no appearance required on February 8, 2012 at 10:00 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the Court is plaintiff New Archery Products, Corp.'s ("NAP") motion to dismiss or, in the alternative, transfer the case to the Western District of Wisconsin pursuant to 28 U.S.C. §1404(a). Defendant Out RAGE, LLC ("Out RAGE") objects to the motion in its entirety. The Court finds that this case should be transferred and therefore will not address NAP's motion to dismiss.

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In other words, a transfer is appropriate if: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 968 (N.D.Ill. 1999). Whether to transfer a case is within the sound discretion of the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The party requesting transfer bears the burden of demonstrating that the transferee forum is clearly more convenient than the transferor forum. *Id*.

Pursuant to 28 U.S.C. § 1400(b), venue is proper in the Western District of Wisconsin because that is where Out RAGE, LLC resides. Because venue is proper in both this district and the proposed transferee district, the Court focuses on whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice.

Before considering the convenience of the parties and witnesses, which the Court finds to be neutral, the Court considers whether transfer will promote the interests of justice. The Court finds that it will. This transfer motion is unusual in that these parties currently have two pending lawsuits, the instant action and one pending in the Western District of Wisconsin. Both cases involve claims of patent infringement and counterclaims. Out RAGE initiated litigation between the parties on October 12, 2011, by filing a one-count complaint against NAP in the Western District of Wisconsin, alleging infringement of Out RAGE's Patent No. 6,626,776. Two weeks later, NAP filed the instant case, alleging that Out RAGE infringed NAP's Patent Nos. 6,174,252; 5,941,784; and 6,398,676. NAP answered Out RAGE's complaint on 12/15/11 and asserted

| STATEMENT |
|---|

all of the claims it raised before this Court as Counterclaims before the Western District of Wisconsin. Five days later, on December 20, 2011, Out RAGE answered NAP's complaint in this case and asserted the claims pending in the Western District of Wisconsin as counterclaims. In other words, NAP and Out RAGE are presently litigating two parallel actions. The disposition of either case would appear to settle all claims between the parties.

With that background in mind, the Court notes that in addition to the instant motion, Out RAGE filed a motion in the Western District of Wisconsin seeking to dismiss and/or transfer NAP's counterclaims 5-12 to this Court. Regardless of the disposition of that motion, Out RAGE's complaint and some or all of NAP's counterclaims will remain pending in the Western District of Wisconsin. The only way to consolidate these two parallel cases before one judge would be to transfer this case to the Western District of Wisconsin. The interest of justice component of a § 1404(a) analysis concerns the "efficient administration of the court system." In making this determination, the court considers each proposed forum court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of litigating the case in each locale. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 961 (N.D.Ill. 2000). This Court finds that handling the parties' disputes before a single judge would conserve judicial resources and allow for the efficient administration of the court system, making the Western District of Wisconsin a more desirable locale. Additionally, because "relative familiarity with the applicable law is not an issue in a patent infringement case, as the applicable law is the same nationwide," this factor is neutral. *Rabbit Tanaka Corp. U.S.A. v. Paradies Shops, Inc.*, 598 F.Supp. 836, 841 (N.D.Ill. 2009). The speed at which this case will reach a disposition also favors transfer because the Wisconsin court has already set an April 8, 2013 trial date. Accordingly, each of the public interest factors are either neutral or favor transfer. Additionally, the Western District of Wisconsin case was the first filed case, which also favors transfer. *See Research Automation, Inc. v. Schrader-Bridgeport International*, 626 F.3d 973, 980 (7th Cir. 2010).

As the Court noted above, the convenience of the parties and witnesses is neutral. In assessing the convenience of the parties and witnesses, the Court considers five sub-factors. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D.Ill. 1998). NAP filed the instant case in Illinois, however, plaintiff's chosen forum is given no deference because plaintiff is seeking to transfer venue to Wisconsin. The second sub-factor, the situs of the material events, is not particularly relevant because this is a patent case. *See Sitrick v. FreeHand Systems, Inc.*, No. 02 C 1568, 2003 WL 1581741, at *3 (N.D.Ill. Mar. 27, 2003). The third, fourth, and fifth sub-factors, access to proof, convenience of parties, and convenience of witnesses, also appear to be neutral. Litigating in Illinois would likely be more convenient for NAP and its witnesses, while litigating in Wisconsin would likely be more convenient for Out RAGE and its witnesses.

Based on the Court's review of the relevant factors, in its discretion, the Court grants NAP's request to transfer venue to the Western District of Wisconsin. Venue is proper in both the transferor and transferee districts. The convenience of the parties and witnesses appears neutral, however, the interest of justice factors strongly favor transfer because it would allow a single judge to resolve all the parties' claims in one case.